<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| SANDRA BLUNDETTO and FRANK BLUNDETTO,<br><br>        Plaintiffs,<br><br>        v.<br><br>COSTCO WHOLESALE, COSTCO WHOLESALE CORPORATION, ABC COMPANY 1-10 (said name being fictitious and unknown), JOHN DOE 1-10 (said name being fictitious and unknown), DEF COMPANY 1-10 (said name being fictitious and unknown), and JOE DOE 1-10 (said name being fictitious and unknown),<br><br>        Defendants. | Case No. 2:24-cv-08200 (BRM)(CLW)<br><br>**OPINION** |

**MARTINOTTI, DISTRICT JUDGE**

      Before the Court is Plaintiffs Sandra Blundetto and Frank Blundetto's (collectively, "the Blundettos") Motion to Remand. (ECF No. 5.) Defendant Costco Wholesale Corporation ("Costco") opposed the motion. (ECF No. 7.) Having reviewed the parties' submissions filed in connection with the Motion and having declined to hold oral argument pursuant to Federal Rule of Civil Procedure 78(b), for the reasons set forth below and for good cause having been shown, the Blundettos' Motion to Remand is **GRANTED**.

**I.    BACKGROUND**

      The Blundettos, residents of New Jersey, filed a complaint on January 30, 2024, in the

1

Superior Court of New Jersey, against Costco Wholesale,[1] Costco Wholesale Corporation, and JSM at Brick ("JSM"), alleging negligence and a *per quod* claim as a result of Sandra Blundetto tripping and falling in the Costco parking lot located at 465 NJ-70 in the Township of Brick. (ECF No. 5 at 2.) On February 27, 2024, Costco filed a Notice of Removal ("NOR") after having been served by the Blundettos but prior to service of the summons and complaint on JSM. (*Id.*) On March 18, 2024, the Blundettos moved to remand the case to the Superior Court of New Jersey. (*Id.*) On May 8, 2024, the case was remanded by Order of this Court (Dkt. No. 24-01116, ECF No. 23) for lack of subject matter jurisdiction, as JSM is a citizen of New Jersey. (ECF No. 5 at 3.) On June 11, 2024, JSM filed a Motion to Dismiss in state court "arguing it was an out-of-possession landlord and did not control and/or possess the parking lot where the subject incident occurred." (*Id.*) On July 9, 2024, the Blundettos opposed the Motion to Dismiss, and on July 18, 2024, JSM submitted a Reply. (*Id.*) On July 31, 2024, the Blundettos voluntarily dismissed JSM without prejudice from the case, and JSM withdrew its Motion to Dismiss. (*Id.*; ECF No. 7 at 4.) On August 1, 2024, Costo filed a new NOR. (ECF No. 1.) On August 23, 2024, the Blundettos filed a Motion to Remand (ECF No. 5) and on August 29, 2024, Costco filed its opposition to the Motion (ECF No. 7).

## II. LEGAL STANDARD

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." There are two grounds for federal district court jurisdiction over a civil lawsuit. The first ground for invoking the

---

[1] Costco notes the Blundettos incorrectly named Costco Wholesale Corporation as Costco Wholesale in the lawsuit. (ECF No. 1 at 1.) As such, any actions or references to Costco Wholesale should be understood as being effectively applied to Costco Wholesale Corporation ("Costco") and will be discussed as such.

jurisdiction of a federal court is known as federal question jurisdiction, where "district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. Additionally, a federal court has original jurisdiction over a civil action where there is complete diversity among opposing parties and "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs[.]" 28 U.S.C. § 1332. This ground of federal jurisdiction is known as diversity jurisdiction.

Typically, a notice of removal of a civil action must be filed by a defendant within thirty days of receiving the complaint. 28 U.S.C. § 1446(b). However, where it is not evident from the face of the complaint that a case is removable, "a notice of removal may be filed within 30 days after receipt by the defendant . . . of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3).

Upon the removal of an action, a plaintiff may challenge such removal by moving to remand the case back to state court. 28 U.S.C. § 1447. Grounds for remand include: "(1) lack of district court subject matter jurisdiction or (2) a defect in the removal procedure." *PAS v. Travelers Ins. Co.*, 7 F.3d 349, 352 (3d Cir. 1993). "The party asserting jurisdiction bears the burden of showing that at all stages of the litigation the case is properly before the federal court." *Samuel-Bassett v. KIA Motors Am., Inc.*, 357 F.3d 392, 396 (3d Cir. 2004). Federal courts rigorously enforce the congressional intent to restrict federal diversity jurisdiction, and therefore removal statutes are "strictly construed against removal," and "doubts must be resolved in favor of remand." *Id.* at 396–403; *Boyer v. Snap-On Tools Corp.*, 913 F.2d 108, 111 (3d Cir. 1990) (citations omitted).

To find diversity jurisdiction exists, the party asserting jurisdiction must meet certain

prerequisites. *Platinum-Montaur Life Scis., LLC v. Navidea Biopharmaceuticals, Inc.*, 943 F.3d 613, 618 (2d Cir. 2019). "Any removal to federal court on the basis of diversity jurisdiction must satisfy both the substantive jurisdiction requirements of 28 U.S.C.S. § 1332 and the procedural requirements regarding the timeliness of removal pursuant to 28 U.S.C.S. § 1446." *Hajdasz v. Magic Burgers, LLC*, 805 F. App'x 884, 885 (11th Cir. 2020). The burden will be met if the party pleads sufficient facts to establish that there is jurisdiction. *Hensley v. Westin Hotel*, 2023 WL 3641955, at *2 (N.D. Ga. Feb. 27, 2023). The courts can consider and weigh extrinsic evidence when there is a dispute based on jurisdiction. *Fassl v. Our Lady of Perpetual Help Roman Catholic Church*, Civ. A. No. 05-0404, 2005 WL 2455253 at *9 (E.D. Pa. Oct. 4, 2005). "Where the moving party has challenged jurisdiction with supporting evidence, the plaintiff must respond to the facts as stated." *Id.* at *30.

The procedure for removal is set forth in 28 U.S.C. § 1446. A defendant wishing to remove files a notice of removal "containing a short and plain statement of the grounds for removal[.]" 28 U.S.C. § 1446(a). "A party may freely amend the notice of removal within the thirty-day period provided by § 1446(b) to remove an action." *Pickett v. Marriott Int'l, Inc.*, Civ. A. No. 13-6556, 2014 WL 2436191, at *2–3, (D.N.J. Mar. 24, 2014) (citing *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 205 n.13 (3d Cir. 2003)). However, after the 30-day period expires, amendment to the notice of removal "will be permitted only to the extent that it clarifies or corrects an allegation already contained in the original notice" but not to add a new basis for removal jurisdiction. *Id.* at *9 (citing *USX Corp.*, 345 F.3d at 205 n.12 (citing 28 U.S.C. § 1653)); *see Fenza's Auto, Inc. v. Montagnaro's, Inc.*, Civ. A. No. 10-3336, 2011 WL 1098993 at *10 (D.N.J. Mar. 21, 2011) ("[A]mendments to remedy a 'substantive defect in the [removal] petition,' i.e., to add a new basis for federal jurisdiction, are not permitted.") (alterations in original) (quoting *Blakeley v. United*

4

*Cable Sys.*, 105 F. Supp. 2d 574, 579 (S.D. Miss. 2000)); *see also ARCO Env't Remediation, L.L.C. v. Dep't of Health & Env't Quality*, 213 F.3d 1108, 1117 (9th Cir. 2000) ("The Notice of Removal 'cannot be amended to add a separate basis for removal jurisdiction after the thirty day period.'") (quoting *O'Halloran v. Univ. of Wash.*, 856 F.2d 1375, 1381 (9th Cir. 1988)).

### III. DECISION

The Blundettos argue Costco improperly removed the case because diversity subject-matter jurisdiction does not exist, and the NOR it filed is technically deficient. (ECF No. 5 at 3–6.) First, the Blundettos claim the "voluntary-involuntary rule" does not apply to the current situation, because, while the Blundettos agreed to dismiss JSM without prejudice, there has been no unequivocal abandonment of the claims against JSM. (*Id.* at 5.) Second, the Blundettos assert Costco's NOR is technically deficient because it includes only its state of incorporation, when both that information and the state of its principal place of business are required. (*Id.* at 6.)

Costco argues removal is proper because the Blundettos "unequivocally abandoned their claims against dismissed defendant JSM by way of voluntary dismissal," which means diversity jurisdiction exists between the remaining parties. (ECF No. 7 at 6.) In support of this argument, Coscto cites to its lease agreement with JSM and claims "[w]hether the dismissal had been with or without prejudice, [the Blundettos] have no further recourse as against JSM as JSM has no responsibility for the subject parking lot whatsoever. Furthermore, pursuant to the terms of the indemnification agreement, Costco is responsible for paying any damages that may be recoverable. . . ." (*Id.* at 8.) As for having filed a technically deficient NOR, Costco asserts its principal place of business and its place of incorporation are one and the same. (*Id.* at 10.) While Costco denies its NOR is deficient, it requests it be allowed to file an amended NOR to remedy this deficiency if

5

needed. (*Id.*)

If diversity jurisdiction did not exist at the time an action was filed, "a defendant cannot later remove it on diversity grounds unless the diversity jurisdiction was created 'by a voluntary act of the plaintiff, such as amendment of the pleadings or voluntary dismissal of the non-diverse defendant.'" *Brown v. Caterpillar, Inc.*, Civ. A. No. 15-02687, 2015 WL 4598778, at *1 (D.N.J. July 28, 2015) (quoting *Rubino v. Genuardi's Inc.*, 10-6078, 2011 WL 344081, at *5 (E.D. Pa. Jan. 31, 2011)). This has become known as the voluntary-involuntary rule, which is an exception to removal rules. In order to trigger the rule, a plaintiff must perform a "'clear and definite action, unequivocally express[ing] an intention not to proceed' against the non-diverse defendant." *Piacentile v. Thorpe*, Civ. A. No. 12-7156, 2015 WL 6757603, at *2 (D.N.J. Nov. 5, 2015) (quoting *Schmidt v. Capitol Life Ins. Co.*, 626 F. Supp. 1315, 1319 (N.D. Cal. 1986)). Removal can be appropriate when the plaintiff engages in a voluntary act, such as the voluntary dismissal of the non-diverse defendant. *Rubino v. Genuardi's Inc.*, Civ. A. No. 10-6078, 2011 WL 344081, at *5 (E.D. Pa. Jan. 31, 2011) (citing *Great N. Ry. Co. v. Alexander*, 246 U.S. 276, 281 (1918)). However, whether such an act will allow for removal is a case-specific inquiry, since courts have held "[t]he voluntary-involuntary rule does not apply to cases in which parties are voluntarily dismissed without prejudice; parties dismissed without prejudice are still considered parties in the case for diversity purposes." *Fagan v. Wal-Mart Stores, Inc.*, Civ. A. No. 21-10363, 2021 WL 3056620, at *6 (D.N.J. June 29, 2021), *report and recommendation adopted*, Civ. A. No. 21-10363, 2021 WL 3056497 (D.N.J. July 20, 2021).

In determining whether the voluntary dismissal exception applies, its two purposes should be considered:

> First, it contributes to judicial economy, because after an involuntary removal, the plaintiff may appeal the dismissal in state

6

> court, and success on appeal would lead to the reinstatement of the non-diverse party, destroying federal jurisdiction and compelling remand to the state court. Second, it recognizes the general principle of deference to the plaintiff's choice of forum. Allowing removal only when the plaintiff voluntarily dismisses a defendant ensures that the plaintiff will not be inappropriately forced out of state court without his consent.

*Lee v. Carter-Reed Co.*, Civ. A. No. 06-1173, 2006 WL 3511160, at *3 (D.N.J. Dec. 5, 2006) (internal citations omitted).

With these principals in mind, particularly the deference given to a plaintiff's choice of forum, this case will be remanded back to state court. While Costco is correct in arguing *Piacentile* has a distinguishable set of facts[2], the facts here are analogous to *Fagan*, where that court determined the voluntary-involuntary exception did not apply and remand was required. *See Fagan*, 2021 WL 3056620, at *6 ("The voluntary-involuntary rule does not apply to cases in which parties are voluntarily dismissed without prejudice; parties dismissed without prejudice are still considered parties in the case for diversity purposes.").

Specifically, in *Fagan*, the plaintiff's cause of action was also a slip-and-fall, and she sued Wal-Mart, the tenant of the property, and Centennial Square, the landlord, alleging negligence. *Fagan*, 2021 WL 3056620, at *1. Like Costco, Wal-Mart argued Centennial Square could not be held liable as a matter of law due to its lease agreement and indemnification, and the plaintiff had voluntarily dismissed the non-diverse Centennial Square, albeit there with a signed stipulation that contained "clear[] language . . . show[ing] the parties specifically contemplated and agreed that

---

[2] In *Piacentile*, the non-diverse defendant who was dismissed explicitly could be reinstated under joint and several liability as clearly indicated in the settlement agreement. *See Piacentile*, 2015 WL 6757603, at *3. Such language, which does not exist in this case, allowed that court to determine the plaintiff had not "unequivocally expressed or asserted a desire to abandon his claims." *Id.*

7

Centennial Square could be reinstated." *Id.* at *2, *6. Importantly, the court there found "that the negligence claims against Centennial Square are at least colorable." *Id.* at *5. It wrote:

> "The fundamental elements of a negligence claim are a duty of care owed by the defendant to the plaintiff, a breach of that duty by the defendant, injury to the plaintiff proximately caused by the breach, and damages." *Robinson v. Vivirito*, 86 A.3d 119, 124 (N.J. 2014). It is well-recognized in commercial leaseholds that "a landlord has a duty to exercise reasonable care to guard against foreseeable dangers arising from use of those portions of the rental property over which the landlord *retains control*." *J.H. v. R&M Tarliareni, LLC*, 216 A.3d 169, 180 (N.J. 2019) (quoting *Scully v. Fitzgerald*, 834 A.2d 1110, 1114 (N.J. 2004) (emphasis in original); *see also Michaels v. Brookchester, Inc.*, 140 A.2d 199, 201 (N.J. 1958) ("[I]t is now settled that the landlord owes a duty of reasonable care with respect to the portions of a building which are not demised and remain in the landlord's control.").
>
> Provisions within a commercial lease that delegate responsibility for maintenance of all or parts of the demised property may function to shift the duty from the landlord to the tenant. *See Shields v. Ramslee Motors*, A.3d, 2020 WL 370514, at *5 (N.J. Jan. 23, 2020) (holding that the landlord had no duty to maintain a driveway because the operative lease agreement unambiguously delegated the duty to maintain the property to the tenant as if it were the "de facto owner"); *Geringer v. Hartz Mountain Dev. Corp.*, 908 A.2d 837, 843 (N.J. Sup. Ct. App. Div. 2006) (holding that the landlord owed no duty to maintain an interior stairway within the demised space "in light of the applicable lease provisions and the surrounding circumstances"); *McBride v. Port Auth. of N.Y. and N.J.*, 685 A.2d 520, 522 (N.J. Sup. Ct. App. Div. 1996) (holding that "there is no landlord liability" for personal injuries suffered on the leased premises "due to a lack of proper maintenance or repair, when the lease unquestionably places responsibility for such maintenance or repair solely upon the tenant"). However, a commercial landlord's liability may nonetheless extend "to cases in which the landowner [has] no control over the dangerous condition and the condition was not located on its property." *Monaco v. Hartz Mountain Corp.*, 840 A.2d 822, 831 (N.J. 2004). Liability extends because "whether [a commercial landlord] owes a duty of reasonable care toward another [person] turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances in light of considerations of public policy." *Lappe v. Target Corp.*, No. 15-0007, 2016 WL 6305949, at *4 (D.N.J. Oct. 27, 2016) (alterations in original) (quoting *Monaco*, 840 A.2d at 833). "That inquiry involves 'identifying, weighing and balancing several factors

8

> [including] the relationship of the parties, the nature of the attendant risk, the opportunity and ability to exercise care, and the public interest in the proposed solution.'" *Monaco*, 840 A.2d at 833 (quoting *Hopkins v. Fox & Lazo Realtors,* 625 A.2d 1110, 1116 (N.J. 1993)); *see also Shields*, 2020 WL 370514, at *7-8 (applying *Hopkins* factors in addition to control test). At bottom, "the test to determine a landlord's responsibility is highly situation-specific and fact-intensive, more suitable for a motion [for] summary judgment or trial than a motion to dismiss." *Lappe*, 2016 WL 6305949, at *5; *see also Shields*, 2020 WL 370514, at *8 (considering the liability of a landlord on appeal of an order granting summary judgment).

*Fagan*, 2021 WL 3056620, at *5. Given the colorable argument against the landlord and stipulation of dismissal, that court held "Defendants cannot remove . . . as removal statutes are to be strictly construed against removal and all doubts are to be resolved in favor of remand. . . ." *Id.* at *6.

Although there is no such equivalent language in the stipulation between the parties here as to the Blundettos' explicit ability to reinstate JSM as a defendant (*see* ECF No. 5-4), Costco argues the Blundettos "unequivocally abandoned JSM by their voluntary dismissal of JSM as [the Blundettos'] Counsel was aware that Costco had accepted indemnity and defense of JSM and JSM cannot be brought back into this litigation at a later date." (ECF No. 7 at 5.) However, Costco provides no evidence, *i.e.*, no written agreement or exchange of emails, to counter the Blundettos' statement that they "agreed only to dismiss JSM without prejudice and has not unequivocally abandoned their claims against them." (ECF No. 5 at 6.) Just as in *Fagan*, it is possible for this Court to determine the Blundettos have a colorable argument against JSM, which would allow for them to be reinstated to the case. While "[p]rovisions within a commercial lease that delegate responsibility for maintenance of all or parts of the demised property may function to shift the duty from the landlord to the tenant," *see Fagan*, 2021 WL 3056620, at *5 (citing *Shields*, 2020 WL 370514, at *5), such a finding is improper at this stage of litigation because "whether [a commercial landlord] owes a duty of reasonable care toward another [person] turns on whether the imposition of such a duty satisfies an abiding sense of basic fairness under all of the circumstances

9

in light of considerations of public policy," which is itself a separate, fact-intensive inquiry. *See id.* (citing *Lappe*, 2016 WL 6305949, at *4 (alterations in original) (quoting *Monaco*, 840 A.2d at 833)). As such, with the principle of deference to the plaintiff's choice of forum in mind, the potential colorable argument the Blundettos might have against JSM, and the absence of an affirmative act clearly evincing the Blundettos' desire to abandon the claims against JSM, this Court will remand the case, because the potential to bring JSM back into the litigation means the voluntary-involuntary exception does not apply.[3]

Accordingly, the Plaintiff's Motion to Remand is **GRANTED**.

### IV. CONCLUSION

For the reasons set forth above, the Blundettos' Motion to Remand is **GRANTED**. An appropriate order follows.

*/s/ Brian R. Martinotti*
**HON. BRIAN R. MARTINOTTI**
**UNITED STATES DISTRICT JUDGE**

**Dated:** March 27, 2025

---

[3] The Blundettos are also correct in arguing Costco's NOR is technically deficient. The NOR only states "Costco Wholesale Corporation is now and was at the time that [the Blundettos] commenced this action, a corporation organized under the laws of Washington, and therefore, is a citizen of Washington for purposes of determining diversity. 28 U.S.C. 1332(c)(1)." (ECF No. 1 ¶ 10.) As such, the NOR failed to include Costco's principal place of business because it is not evident from the filing that the place of incorporation and the principal place of business are one and the same as Costco claims in opposition. (ECF No. 7 at 10); s*ee* 28 U.S.C.A. § 1332(c)(1); *J & R Ice Cream Corp. v. California Smoothie Licensing Corp.*, 31 F.3d 1259, 1276 n. 3 (3d Cir. 1994) (effectively stating "a" principal place of business is not enough as the rule requires "the" principal place of business to be listed in the NOR); *Hunt v. Acromed*, 961 F.2d 1079 (3d Cir. 1992) (similar). While the Court could allow Costco to amend its NOR, this would not remedy the lack of diversity required for removal.